WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alecia Devore, | No. CV-18-01130-PHX-SPL |
| Plaintiff, | **ORDER** |
| vs. | |
| Maria Ontiveros De Fregoso, et al., | |
| Defendants. | |

Before the Court is Plaintiff Alecia Devore's ("Plaintiff") Motion to Remand (the "Motion"). (Doc. 9) The Motion was fully briefed on May 31, 2018. (Docs. 22, 32) For the reasons set forth below, the Motion is granted.

**I.  Background**

This suit is based on the wrongful death of Plaintiff's son, Nathaniel Walter Johnson Devore. (Doc. 1-3 at 3) This case was removed to the Court on April 12, 2018 by a notice of removal filed by Defendants Maria Ontiveros De Fregoso and Tremex Trans. (Doc. 1 at 1) On May, 10, 2018, Plaintiff filed the Motion seeking to remand the case to the Maricopa County Superior Court. (Doc. 9) Plaintiff alleges that Defendant United Parcel Service Incorporated, Defendant UPS Ground Freight Incorporated (together, "UPS") and Defendant Nelio Occeus ("Occeus") failed to join in the removal as required by 28 U.S.C. § 1446(b)(2)(A).

## II. Standard of Review

State court cases that could have been filed in federal court as diversity jurisdiction cases can be removed to federal court if (i) no defendant is a resident of the forum state; (ii) a defendant files a notice of removal within thirty days of receiving the plaintiff's complaint; and (iii) all defendants consent to removal. 28 U.S.C. § 1441(a); 28 U.S.C. § 1441(b); 28 U.S.C. § 1446(a–b); *Proctor v. Vishay Intertech. Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009). However, "the filing of a notice of removal [by one defendant] can be effective [as to all defendants] without individual consent documents on behalf of each defendant. One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient." *Schayes v. T.D. Serv. Co. of Arizona*, 2011 WL 1793161, at 3 (D. Ariz. May 11, 2011). The removing party bears the burden of establishing federal subject matter jurisdiction, and there is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

## III. Discussion

### A. Occeus

It is undisputed that Occeus did not join the removal application within the 30-day limit imposed by statute. Plaintiff argues that Occeus' failure to join in the removal requires this case to be remanded to state court. The Defendants argue that Occeus' failure to join does not require remand because the Plaintiff cannot establish a viable claim against Occeus, and, alternatively, Occeus' status as a nominal party does not require his joinder in the removal. (Doc. 22 at 3, 5)

From the Complaint (Doc. 1-3), it is clear that Plaintiff alleges a cause of action against Occeus for negligence. (Doc. 1-3 at 12) The Defendants argue that Occeus is a co-employee of decedent Devore, and this co-employee status provides him with immunity from certain causes of action for negligence arising out of the scope of employment. (Doc. 22 at 2) Iowa Code section 85.20 preempts any claim for negligence against a co-employee unless the plaintiff pleads that the co-employee was grossly negligent amounting to wanton

neglect.[1] Iowa Code § 85.20; *Good v. Tyson Foods, Inc.*, 2006 WL 581143, at 2 (N.D. Iowa 2006). This means that plaintiffs seeking to pursue co-employee negligence suits must prove gross negligence amounting to wanton neglect in order to establish a claim for negligence.

On the face of the Complaint, it is clear that the Plaintiff does not plead facts sufficient to demonstrate gross negligence by Occeus. (Doc. 1-3 at 12) Under Iowa Code section 85.20, the three elements necessary to establish a co-employee's gross negligence are (1) knowledge of the peril to be apprehended; (2) knowledge that injury is a probable, as opposed to a possible, result of the danger; and (3) a conscious failure to avoid the peril. *Walker v. Mlakar*, 489 N.W.2d 401, 403 (Iowa 1992). Throughout the Complaint, the Plaintiff references the "carelessness, negligence and misconduct" of Occeus, but never alleges the requisite element of knowledge necessary to establish a claim for gross negligence. (Doc. 1-3 at 6) Instead, the Plaintiff attempts to bolster the Complaint by arguing the elements of gross negligence in its reply in support of the Motion. However, the Plaintiff's attempt to supplement its ordinary negligence claim outside of the Complaint must fail. Accordingly, the Court must find that Plaintiff has failed to plead the requisite elements necessary to bring a viable cause of action against Occeus for gross negligence.

It is well settled that the requirement that all defendants consent to removal "does not apply to nominal, unknown or fraudulently joined parties." *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002). Several Courts of Appeals have crafted various definitions of a nominal party. *See Ryan v. State Bd. of Elections of Ill.*, 661 F.2d 1130, 1134 (7th Cir. 1981) (requiring that a defendant be indispensable in order to avoid the nominal party exception); *Farias v. Bexar Cnty. Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991) (requiring a defendant be indispensable or necessary); *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir.2002) (describing nominal defendants as "those against whom no real relief is sought");

---

[1] The parties agree that the worker's compensation law of the state of Iowa is applicable in this case. (Doc. 32 at 2; Doc. 22 at 3)

*Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 260 (4th Cir. 2013) (stating that a nominal party has no immediately apparent stake in the litigation either prior or subsequent to the act of removal).

The Defendants argue that Occeus is a nominal party because there is no reasonable basis for Occeus to be held liable for a claim of ordinary negligence. (Doc. 22 at 5) The Court finds that Occeus is a nominal party for the purposes of removal because the Plaintiff has failed to plead a viable cause of action against Occeus as a co-employee of the decedent pursuant to Iowa Code section 85.20. Based on the plain language of the statute, a co-employee cannot be held liable for a claim of ordinary negligence. Thus, Occeus is not an indispensable party to this action, as any of the other Defendants can be held liable pursuant to Iowa Code section 85.20. Based on the facts in the Complaint, there is no reasonable basis for predicting that Occeus could be held liable for ordinary negligence or that Occeus has more than a nominal role in the litigation. Therefore, Occeus was not required to join the removal petition, and his failure to join is not fatal to the removal.

### B. UPS

Next, the Court turns to the issue of whether UPS properly joined the removal petition. It is undisputed that counsel for UPS did not sign the notice of consent to removal. (Doc. 22 at 6) The issue is whether the Defendants' representation that UPS did not object to the removal of this action and that counsel, upon making an appearance in this case, could "confirm whether consent is given" is enough to satisfy the removal requirements. (Doc. 9 at 3)

The Ninth Circuit Court of Appeals has found that a defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient. *Proctor*, 584 F.3d at 1225. In this case, the notice of removal filed by the Defendants stated, "Defendants United Parcel Service and UPS Ground Freight are presently unrepresented, but its representative has advised Counsel for Removing Defendants that they do not object to removal. Once counsel for United Parcel Service and UPS Ground Freight appears, she/he can confirm whether consent is given." (Doc. 1 at 4)

The plain language of this notice of removal presents ambiguity as to whether UPS consented to the removal. On one hand, the Defendants' notice was firm enough to state that UPS did not object to removal, but the Defendants' fail to go so far as to state that UPS consented to the removal. This is demonstrated by the Defendants' disclaimer that UPS would have to "confirm" its consent to the removal at a later time. And, it is undisputed that UPS did not confirm that it consented to the removal within the requisite 30-day period. (Doc. 9 at 6) In the event of such ambiguity, the Court must find that UPS failed to properly consent to the removal of this case, and the Court finds that UPS' failure to join in the removal is fatal to the application for removal. *Gaus*, 980 F.2d at 566 (stating that there is a "strong presumption" against removal jurisdiction). Accordingly, the Court finds that Defendants' failure to obtain the required consent from UPS demonstrates that they did not meet the requirements for removal, and this case must be remanded to the Maricopa County Superior Court.

Accordingly,

**IT IS ORDERED**:

1. That Plaintiff's Motion to Remand (Doc. 9) is **granted**;

2. That the Clerk of Court shall **remand** this action to the Maricopa County Superior Court and **terminate** this case.

Dated this 11th day of February, 2019.

Honorable Steven P. Logan
United States District Judge